IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANGELA MARKS, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) Case No. CIV-24-543-PRW |
| BRINKER OKLAHOMA, INC. d/b/a | ) |
| Chili's Bar & Grill, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is Defendant Brinker Oklahoma, Inc. d/b/a Chili's Bar & Grill's ("Chili's") Motion for Summary Judgment (Dkt. 15). This matter is fully briefed, and for the reasons that follow, the Motion (Dkt. 15) is **DENIED**.

### *Background*

This is a premises liability case involving an alleged slip and fall. On August 20, 2023, Plaintiff Angela Marks visited the Chili's Bar & Grill restaurant located on West Memorial Road in Oklahoma City to eat with her family. Shortly after arriving at Chili's, Marks claims that she walked into the women's restroom and slipped on the wet floor, causing her to fall and sustain injuries.

Marks filed suit against Chili's in the District Court of Oklahoma County on May 9, 2024, alleging a claim for premises liability. Chili's removed the case to this Court on May 28, 2024. Chili's now seeks summary judgment on Marks's claim pursuant to Federal Rule Civil Procedure 56(a).

1

## *Legal Standard*

Federal Rule of Civil Procedure 56(a) requires "[t]he court [to] grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In considering a motion for summary judgment, a court must view all facts and reasonable inferences in the light most favorable to the nonmovant.[1] The Court does not weigh the evidence and determine the truth of the matter asserted, but instead determines only whether there is a genuine dispute for trial before the fact-finder.[2] The movant bears the initial burden of demonstrating the absence of a genuine, material dispute and an entitlement to judgment.[3] A fact is "material" if, under the substantive law, "it is essential to the proper disposition of the claim."[4] A dispute "is 'genuine' if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way."[5]

If the movant carries its initial burden, the nonmovant must then assert that a material fact is genuinely disputed and must support the assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials"; by "showing that

---

[1] *See Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998).
[2] *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).
[3] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).
[4] *Adler*, 144 F.3d at 670.
[5] *Id.*

the materials cited [in the movant's motion] do not establish the absence . . . of a genuine dispute"; or by "showing . . . that an adverse party [i.e., the movant] cannot produce admissible evidence to support the fact."[6] The nonmovant does not meet its burden by "simply show[ing] there is some metaphysical doubt as to the material facts."[7] Instead, the relevant inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."[8]

### *Analysis*

"Under Oklahoma law, all negligence claims require proof of a duty, a breach of that duty, and causation."[9] In a premises liability case, "a landowner's duty varies according to the plaintiff's status on the land."[10] It is undisputed that Marks was an invitee of Chili's on the night of the incident. As such, Chili's, as invitor, "had the duty to exercise reasonable care to keep the premises in a reasonably safe condition and to warn [Marks] of conditions which were in the nature of hidden dangers, traps, snares or pitfalls."[11]

---

[6] Fed. R. Civ. P. 56(c)(1); *see Celotex Corp.*, 477 U.S. at 322.

[7] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

[8] *Anderson*, 477 U.S. at 251–52.

[9] *Martinez v. Angel Expl., LLC*, 798 F.3d 968, 974 (10th Cir. 2015) (citing *Scott v. Archon Grp., L.P.,* 191 P.3d 1207, 1211 (Okla. 2008)).

[10] *Id.* (citing *Sutherland v. Saint Francis Hosp. Inc.,* 595 P.2d 780, 781 (Okla. 1979)).

[11] *Martin v. Aramark Servs., Inc.*, 92 P.3d 96, 97 (Okla. 2004) (citing *Rogers v. Hennessee*, 602 P.2d 1033, 1034 (Okla. 1979)).

"It is axiomatic that the mere fact that an injury occurs carries with it no presumption of negligence."[12] So although an invitor must "exercise reasonable care to prevent injury" to invitees, "an invitor is not an insurer of the safety of others and is not required to prevent all injury occurring on the property."[13] An invitor cannot be held responsible for an injury unless it created the dangerous condition or "had notice or could be charged with gaining knowledge of the condition in time sufficient to effect its removal or to give warning of its presence."[14]

Chili's argues that it is entitled to summary judgment on Marks's claim because Marks has failed to put forth any evidence demonstrating that Chili's breached its duty of care owed to Marks. Specifically, Chili's argues that there is no evidence that the bathroom floor was wet, and thus in a dangerous condition, and no evidence demonstrating that Chili's knew or should have known that it was wet. In response, Marks points to two pieces of evidence which she asserts demonstrate a genuine dispute of material fact as to whether Chili's breached its duty of care.

First, Marks has provided some pictures of the women's bathroom floor that her husband took after her fall. The pictures are slightly blurry, but they depict some discoloration of the grout in various places.[15] While Marks acknowledges that the

---

[12] *Gillham v. Lake Country Raceway*, 24 P.3d 858, 860 (Okla. 2001).

[13] *Taylor v. Hynson*, 856 P.2d 278, 281 (Okla. 1993) (citing *St. Louis–San Francisco Ry. Co. v. Gilbert,* 95 P.2d 123, 125–26 (Okla. 1939)).

[14] *Rogers*, 602 P.2d at 1035 (citations omitted).

[15] *See* Pictures of Bathroom Floor (Dkt. 33-2), at 1, 3, 5, 7.

photographs do not clearly show visual water on the floor, she asserts that the discoloration of the grout in the images could be consistent with "heavy moisture."[16]

Second, Marks has provided portions her deposition testimony. Marks testified that she did not notice the floor being wet when she walked into the women's bathroom, and that she could not remember her clothes being wet after her fall.[17] Marks also testified, however, that upon returning to her table, she told her husband what had happened and became nauseated. Her husband approached an employee to get a bag for her nausea, which resulted in the manager approaching her family's table to inquire about what had happened. She explained to him that she slipped and fell in the women's restroom, to which Marks asserts that the manager replied, "Yes. One of my employees was just in the restroom mopping, and they forgot to put the wet floor signs."[18]

In reply, Chili's argues that Marks's testimony is insufficient to create a genuine dispute of material fact because it is self-serving, conclusory, and contains hearsay made by an unidentified declarant. But the fact that Marks's testimony is uncorroborated and self-serving does not prevent it from demonstrating a genuine dispute of material fact.[19]

---

[16] Pl.'s Resp. (Dkt. 33), at 8.

[17] Pl.'s Dep. (Dkt. 33-1), at 5.

[18] *Id.* at 3.

[19] *See Greer v. City of Wichita*, 943 F.3d 1320, 1325 (10th Cir. 2019) ("Even standing alone, self-serving testimony can suffice to prevent summary judgment."); *see also Janny v. Gamez*, 8 F.4th 883, 901 (10th Cir. 2021) ("To reject testimony because it is unsubstantiated and self-serving is to weigh the strength of the evidence or make credibility determinations—tasks belonging to the trier of fact." (quoting *United States v. $100,120*, 730 F.3d 711, 717 (7th Cir. 2013))).

And Marks's testimony about the manager's statement is not the kind of conclusory or speculative allegation that is disregarded at the summary judgment stage.[20]

Further, Chili's cherry-picks the evidence with its characterization of Marks's testimony. Marks admittedly did not know the name of the person who told her that the floors were wet and was unable to recall whether he was wearing glasses or had facial hair.[21] She did, however, testify that it was "the manager," and that the same manager who made the statement also "brought some type of clipboard out" that both he and her husband signed and comped her children's meals because he "felt so bad."[22] In its statement of undisputed material facts, Chili's identifies "the Chili's Manager on duty on the night in question" as Joseph "Chance" Warden.[23] Chili's also provided Warden's testimony, in which Warden states that he was the manager on shift the night of the incident, he spoke with Marks's husband and filled out a guest incident report, and his initials were on the Marks's dinner receipt because he "put the discount on there."[24] So, while Marks did not know Warden's name, her testimony hardly concerns a statement made by an unidentified

---

[20] *See Adler*, 144 F.3d at 671–72 (discrediting conclusory allegations in the plaintiff's complaint and brief); *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 876 (10th Cir. 2004) (disregarding testimony grounded on speculation); *Ritch v. Carrabbas Italian Grill L.L.C.*, 719 F. App'x 838, 841–43 (10th Cir. 2018) (affirming a grant of summary judgment in a premises liability action when the plaintiff put forth no evidence demonstrating that the defendant created or knew about the danger, instead relying on speculation alone).

[21] Pl.'s Dep. (Dkt. 33-1), at 7.

[22] *Id.* at 3, 7.

[23] Def.'s Mot. (Dkt. 15), at 4.

[24] Dep. of Joseph "Chance" Warden (Dkt. 15-4), at 4, 11–12, 14–15; *see Adler*, 144 F.3d at 672 ("The district court has discretion to go beyond the referenced portions of [the evidentiary materials], but is not required to do so.").

declarant.[25] And considering the statement was purportedly made by Warden as Chili's manager, within the scope of and during his employment with Chili's, it falls within an exclusion to the hearsay rule.[26] As such, Marks's testimony can be properly considered on summary judgment.[27]

Viewing Marks's testimony that she slipped and fell as she walked into the women's restroom, her testimony that Warden told her the floors had just been mopped, and the pictures depicting varying shades of grout in the light most favorable to Marks and drawing all reasonable inferences therefrom, Marks has set forth evidence demonstrating a genuine dispute of material fact as to whether the floors were wet, and thus in an unsafe condition.[28] And considering Warden's purported statement to Marks that the floors had just been mopped, but an employee forgot to put out a wet floor sign, Marks has also set forth evidence demonstrating a genuine dispute of material fact as to whether Chili's knew that they were wet, but did not warn its customers. As such, summary judgment is not appropriate.

---

[25] Marks also identifies the declarant as Warden in her Response. *See* Pl.'s Resp. (Dkt. 33), at 7, 9, 10.

[26] *See* Fed. R. Evid. 801(d)(2)(D).

[27] Whether Warden actually made the statement is a different question, and one that is disputed by the parties. But this question requires a credibility determination unsuitable for summary judgment. *See Anderson*, 477 U.S. at 249 ("[I]t is clear enough . . . that at the summary judgment stage, the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.").

[28] *See Adler*, 144 F.3d at 670.

Chili's argues in its Reply that even if Warden made the statement acknowledging the wet floor and the lack of a warning, there is no evidence supporting Marks's assertion that the wet floor caused her fall. But Chili's did not move for summary judgment on the issue of causation in its Motion.[29] And even if it had, there is a genuine dispute of material fact as to whether the wet bathroom floor caused Marks's fall. "In a negligent tort case the question of proximate cause is generally one of fact for the jury."[30] So, if there is evidence of a causal connection, this issue should go to a jury.[31] Here, Marks testified that she slipped and fell upon walking into the women's restroom, she provided pictures taken after her fall demonstrating varying shades of grout consistent with recently mopped floors, and she testified that immediately after the fall, Warden told her that the floors had just been mopped. This evidence, viewed in the light most favorable to Marks, creates a genuine dispute of material fact as to whether the wet floor caused Marks's fall.

### *Conclusion*

For the reasons discussed above, Defendant Brinker Oklahoma, Inc. d/b/a Chili's Bar & Grill's Motion for Summary Judgment (Dkt. 15) is **DENIED**.

---

[29] *See Doebele v. Sprint/United Mgmt. Co.*, 342 F.3d 1117, 1139 n.13 (10th Cir. 2003) (stating that it is an abuse of discretion for a district court to grant summary judgment based on "new legal arguments or new material" presented for the first time in a reply brief without giving the opposing party an opportunity to respond).

[30] *Jackson v. Jones*, 907 P.2d 1067, 1072–73 (Okla. 1995) (emphasis and citations omitted).

[31] *Id.*

**IT IS SO ORDERED** this 4th day of June 2025.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

Case 5:24-cv-00543-PRW Document 37 Filed 06/04/25 Page 9 of 9